UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOW CORNING CORPORATION,

    Plaintiff/Counter-Defendant,

v.                                              Case Number 09-10429
                                                Honorable Thomas L. Ludington

WEATHER SHIELD MANUFACTURING, INC.,
SNE ENTERPRISES, INC., and PEACHTREE
DOORS AND WINDOWS, INC.

    Defendants/Counter-Plaintiffs.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DOW CORNING'S MOTION IN LIMINE, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE, AND SCHEDULING IN-PERSON STATUS CONFERENCE**

Dow Corning Corporation ("Dow Corning") began this case alleging causes of action for breach of contract and unjust enrichment. Dow Corning claims that Weather Shield Manufacturing, Inc., SNE Enterprises, Inc, and Peachtree Doors and Windows, Inc. (collectively, "Weather Shield" or "Defendants") owes Dow Corning payment for equipment that was acquired by Weather Shield in order to use Dow Corning's products. Weather Shield, for the most part, agreed that it owes Dow Corning payment but counterclaimed alleging that Dow Corning's product was defective and that Dow Corning was responsible for breach of contract and breach of implied warranty of fitness for a particular purpose. Summary judgment has since been granted in Dow Corning's favor on its breach of contract claim against Weather Shield, and Weather Shield's claim for breach of implied warranty of fitness for a particular purpose has been summarily dismissed. ECF No. 44. Weather

Shield's claim for breach of express warranty remains to be tried before a jury.

Now before the Court is Dow Corning's motion in limine (ECF No. 32), seeking to exclude the following evidence or testimony during the trial: Dow Corning's 1199 and 1166, or any other sealant product other than InstantGlaze, windows from residences in Houston and New York that allegedly failed, and damages not previously known by Weather Shield's Rule 30(b)(6) designees or otherwise disclosed during discovery.

Also before the Court is Weather Shield's motion in limine, seeking to exclude evidence at trial of other manufacturers' successful use of Dow Corning® InstantGlaze Window Assembly Sealant ("InstantGlaze"). ECF No. 33. Weather Shield anticipates that Dow Corning will seek to introduce evidence of other window manufacturers' successful use of InstantGlaze as a defense to Weather Shield's counterclaim. Weather Shield bases this belief on the deposition testimony of two Dow Corning employees, Kenneth Rubis and Steven Block, that InstantGlaze is suitable for industrial use because other window manufacturers have successfully used InstantGlaze. Weather Shield contends that Dow Corning has not allowed the deponents to identify any of the window manufacturers that use InstantGlaze, claiming that the names of those manufacturers are confidential and proprietary information. Weather Shield requests that the Court enter an order excluding any evidence at trial of other manufacturers' successful use of InstantGlaze. ECF No. 33.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(f)(2). For the reasons provided herein, the Court will grant in part and deny in part Dow Corning's motion in limine and grant in part and deny in part Weather

Shield's motion in limine.

## I. Legal Standard

Preliminary questions concerning the admissibility of evidence should be determined by the Court. Fed. R. Evid. 104(a). A motion in limine, which is heard in advance of trial, asks a trial court to instruct another party, the party's counsel, or other witnesses, not to mention certain facts or opinions without further permission of the Court. *See Lapasinskas v. Quick*, 17 Mich. App. 733, 737, n.1 (1969). The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial to avoid delay and ensure an even-handed and expeditious trial, as well as to focus the issues to be considered by the jury. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *see also United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999) (holding that federal rules of evidence, civil and criminal procedure, and interpretative rulings from the Supreme Court all encourage parties to use pre-trial motions, such as motions in limine, to narrow the issues and minimize disruptions at trial). A motion in limine also "permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson*, 115 F.2d at 440. Motions in limine may also be used to prevent a jury from exposure to prejudicial evidence. *Provident Life & Accident Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997).

Under Federal Rule of Evidence 402, all relevant evidence is admissible, and evidence that is not relevant is not admissible. Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Even relevant evidence, however, may be excluded but only if "its probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Unfair prejudice is comprised of two different notions:

> First, when the evidence may tend to prove more than one proposition and thus could be considered for both a proper and an improper purpose, unfair prejudice can result when the improper purpose overwhelms or substantially overshadows any legitimate basis for receiving the evidence. Second, unfair prejudice can result when evidence that is only marginally probative tends to be given preemptive weight by the jury substantially out of proportion to its logical force.

*Dresser v. Cradle of Hope Adoption Ctr., Inc.*, 421 F. Supp. 2d 1024, 1030 (E.D. Mich. 2006) (internal citations and quotations omitted). The issue of jury confusion can arise in cases where evidence is being offered to prove a collateral issue, i.e., "when its admission would lead to litigation of collateral issues, thereby creating a side issue which might detract the jury from the main issues." *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992). Motions in limine, by their very nature, require the Court to make a pretrial determination based on assumed facts and circumstances. Should the facts and circumstances prove different at trial, the Court's determination may need to be revisited.

## II. Dow Corning's Motion in Limine

### 1. Evidence of Performance Problems of Sealant Products Other than InstantGlaze

Weather Shield acknowledges that it has no intention of presenting proofs regarding performance problems of any Dow Corning sealant problems other than InstantGlaze, but contends that any limiting instruction beyond this would result in legitimate, relevant evidence being excluded. Dow Corning's reply notes that this limitation sufficiently addresses Dow Corning's concerns. Accordingly, evidence will not be permitted at trial regarding performance problems of any Dow Corning sealant products other than InstantGlaze.

### 2.    Failure of Windows in New York

Weather Shield has stated that it has no intention of seeking damages associated with the windows in New York that allegedly failed and agrees that evidence of the windows that allegedly failed at the New York residence should not be admitted. Dow Corning's motion to exclude evidence regarding the windows that allegedly failed at a residence in New York will be granted.

### 3.    Failure of Windows in Houston

Dow Corning also seeks to exclude any evidence, testimony or otherwise, regarding windows that allegedly failed in Houston as irrelevant and prejudicial because Weather Shield is not seeking damages related to those windows and that such evidence is speculative because Weather Shield cannot link the failed windows to any alleged problems with InstantGlaze. ECF No. 32 Ex. D at 112-14; Ex. C at 17-18. Dr. Willard, Weather Shield's expert is expected to provide testimony about the Houston residence window failure even though he does not know the history of the window he inspected, was unable to offer an opinion as to why the InstantGlaze in the Houston window failed to cure, nor could he definitely correlate the alleged adjustments being made to the manufacturing process due to the alleged varying plasticity of InstantGlaze to the window at the Houston residence. ECF No. 32 Ex. D at 108, 114.  Under these circumstances, Dow Corning requests that the Court preclude any evidence regarding windows that allegedly failed in Houston.

Weather Shield responds that Dr. Willard performed various tests with respect to the window and formed conclusions about the InstantGlaze material based on his tests and on comparison of the test results with other InstantGlaze product he tested. The fact that Weather Shield is not seeking damages with respect to the Houston residence is of no moment because Dr. Willard's testimony is relevant and probative regarding the alleged defect in the InstantGlaze product. Dow Corning will

not be unduly prejudiced by Dr. Willard's testimony about the Houston window particularly given the fact that Dow Corning received a window from the same project and had an opportunity to perform tests that would either verify or refute Dr. Willard's conclusions based on its testing of the windows.

The failure of the Houston window, as explained by Dr. Willard, is relevant to Weather Shield's contention that the InstantGlaze product was defective. Dow Corning will not be unduly prejudiced by admission of evidence and testimony related to the Houston window because it will be able to cross-examine Dr. Willard regarding any deficiencies in his observation and testing of the window based on their own observations and testing of a window from the Houston residence. Dow Corning's motion in limine to exclude evidence or testimony regarding the Houston window will be denied.

**4.  Evidence Regarding Weather Shield's Damages Not Previously Known to its Rule 30(b)(6) Deponents**

An organization that is served with a Federal Rule of Civil Procedure 30(b)(6) deposition notice is obligated to produce a witness knowledgeable about the subjects described in the notice and prepare the witness to testify not simply to his or her own knowledge, but the corporation's knowledge. *See Prosonic Corp. v. Stafford*, No. 2:07-CV-0803, 2008 WL 2323528 (S.D. Ohio June 2, 2008). Rule 30(b)(6) provides that the person or persons designated must testify about "information known or reasonably available to the organization." For a Rule 30(b)(6) deposition to operate effectively, "the deposing party must designate the areas of inquiry with reasonable particularity, and the corporation must designate and adequately prepare witnesses to address these matters." *Prosonic*, 2008 WL 2323528 at *1 (citation and quotation omitted). "[I]f a party designates someone to testify on that party's behalf on the issue of evidence possessed by the party

to support its claims or defenses, and the witness either disclaims any knowledge of such evidence or provides a limited amount of testimony on the subject, the organization may not use any evidence beyond that at trial (unless, of course, it has provided it in another way such as through initial disclosures or discovery responses and the testimony at the 30(b)(6) deposition is not inconsistent with those other disclosures)." *Prosonic*, 2008 WL 2323528 at \*3.

Here, Dow Corning emphasizes that Weather Shield had two opportunities to prepare its Rule 30(b)(6) designees. Dow Corning contends that Weather Shield's Rule 30(b)(6) witnesses were unable to provide answers to basic questions regarding the support for Weather Shield's damage calculations even during the second round of depositions. Dow Corning requests that Weather Shield be precluded from offering any additional evidence on these topics beyond what was known and disclosed during the depositions, or may have otherwise been disclosed during discovery.

Weather Shield asserts that Dow Corning's request is overbroad. Weather Shield is concerned about the broad application of this request to specific facts because it would be unfair to preclude Weather Shield from producing testimony from the individual that made that calculation as long as the individual was designated as a Weather Shield witness.

Weather Shield also believes that granting the relief Dow Corning requests would place an impossible burden upon a Rule 30(b)(6) deponent to know everything known by the sources of his or her information and would serve to make Rule 30(b)(6) depositions more binding than intended under the Federal Rules of Civil Procedure. In that regard, while the deposition testimony of an organization's designee is "binding" in the sense that it is admissible against the organization, it is not akin to a judicial admission that conclusively establishes a fact and estops the organization from producing other evidence. *See, e.g.*, *State Farm Mut. Auto Ins. Co. v. New Horizon, Inc.*, 250 F.R.D.

203 (E.D. Pa. 2008). Weather Shield requests that it be able to present evidence from properly disclosed witnesses and exhibits even if not known by the Rule 30(b)(6) witnesses. Furthermore, Weather Shield argues that it would be improper to preclude it from admitting evidence about which its Rule 30(b)(6) witnesses had no first hand knowledge, but is otherwise admissible as business records pursuant to Federal Rule of Evidence 803(6).

Although the testimony of a Rule 30(b)(6) designee may be binding on the corporation, testimony furnished by a Rule 30(b)(6) witness does not preclude the introduction of other evidence that relates to the designee's testimony, inconsistent or not. *Pedroza v. Lomas Auto Mall, Inc.*, No. CIV 07-0591, 2009 U.S. Dist. LEXIS 46552, at *23-25 (D.N.M April 6, 2009) ("Nothing in rule 30(b)(6)'s language . . . indicates that, aside from officially speaking for the organization, the representative's testimony is somehow treated differently than others' testimony. Any fact witness may say one thing at a deposition and another at trial."); *United States v. Taylor*, 166 F.R.D. 356, 362 n.6 (M.D.N.C.1996) ("When the Court indicates that the Rule 30(b)(6) designee gives a statement or opinion binding on the corporation, this does not mean that said statement is tantamount to a judicial admission. Rather, just as in the deposition of individuals, it is only a statement of the corporate person which, if altered, may be explained and explored through cross-examination as to why the opinion or statement was altered."); *W.R. Grace & Co. v. Viskase Corp.*, No. 90-C-5383, 1991 U.S. Dist. LEXIS 14651, at *5-6 (N.D. Ill. Oct. 15, 1991) ("It is true that a corporation is 'bound' by its Rule 30(b)(6) testimony, in the same sense that any individual . . . would be 'bound' by his or her testimony . . . Deposition testimony is simply evidence [that] may be explained or contradicted .").

The Federal Rules of Civil Procedure not only permit but encourage parties to revise and update information throughout the discovery process. *See, e.g.*, Fed. R. Civ. P. 26(e)(1). To the extent Weather Shield's damages evidence offered at trial contradicts the testimony and exhibits offered during the Rule 30(b)(6) deposition, Dow Corning can use that deposition testimony for impeachment purposes, and in this sense Weather Shield is "bound" by the testimony. To the extent evidence of Weather Shield's damages offered at trial merely clarifies and updates the testimony and exhibits offered during the Rule 30(b)(6) deposition, no rule of evidence or civil procedure requires its exclusion on that basis alone.

### 5. Weather Shield's Damages Calculations

Finally, Dow Corning contends that Weather Shield's damage calculations should not be permitted to change from the time of the Rule 30(b)(6) depositions. Dow Corning is concerned that Weather Shield will change its damage calculations at the time of trial. For example, Dow Corning suggests that a portion of Weather Shield's alleged damages relate to the purging of lines at a certain facility. Weather Shield has submitted documentation that such purging costs totaled approximately $7,000. However, this cost was only calculated for 2006. Weather Shield's counsel explained during Mr. Soviak's deposition that he had asked his client to determine if there were any similar purging costs for 2007, but that Weather Shield had not done so. ECF No. 32 Ex. O at 32-33. Counsel further stated "and so as we sit here today, this is the only purging cost damage claim that we're making because we've not documented the other facilities or the other years." *Id.* at 33. Dow Corning requests that Weather Shield be limited to proffering only evidence at trial of damages previously disclosed. Weather Shield has not provided a response to Dow Corning's arguments regarding damage calculations, and Dow Corning's motion in limine will be granted.

### III.     Defendants' Motion in Limine

Weather Shield asserts that any information regarding other window manufacturers is irrelevant to the issues in this case because the parties to this litigation negotiated for the purchase of InstantGlaze that would perform under Weather Shield's specific manufacturing processes. ECF No. 28. Weather Shield argues that even if the Court were to assume it is relevant, the probative value of other manufacturers' use of the InstantGlaze is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and waste of time, because the inquiry in this litigation should be limited solely to Weather Shield's unique needs and whether the InstantGlaze fulfilled those particular needs. Fed. R. Evid. 403. In addition, Weather Shield argues that Dow Corning should not be allowed to bring in any evidence at trial based on information that it did not disclose to Weather Shield during discovery, Fed. R. Civ. P. 37(c)(1), and that because Dow Corning refused to answer questions based on privilege at depositions, it cannot now seek to admit such evidence at trial. Finally, Weather Shield also contends that admitting such evidence would be unfairly prejudicial, and outweigh any legitimate probative value the evidence may have. Fed. R. Evid. 403. The remainder of Weather Shield's arguments relate to the evidence being offered as a defense to its claim for breach of implied warranty for fitness for a particular purpose, which has since been dismissed.

Dow Corning responds by emphasizing that, according to Weather Shield's breach of contract claim, Dow Corning "represented that its Sealant Products were suitable for use by [Weather Shield] in the assembly of windows and doors and would be supplied to [Weather Shield] in accordance with the specifications and data sheets." ECF No. 9 par. 18. Dow Corning alleges that other window and door manufacturers using InstantGlaze would be exposed to the very same

varying plasticity of InstantGlaze that Weather Shield alleges was problematic. Dow Corning explains that these other manufacturers were provided with the same product, the same specifications, and the same data sheets as Weather Shield. Moreover, Weather Shield cannot now seek to exclude other manufacturers' use of InstantGlaze when Weather Shield, through Dr. Willard, has placed the industry's use of InstantGlaze at issue by opining that InstantGlaze was not appropriate for "industrial use." ECF No. 47 Ex. G at 17-18. Evidence that these other manufacturers were able to use InstantGlaze without material problems demonstrates that Weather Shield's complaints regarding InstantGlaze were a function of its own making, having nothing to do with the InstantGlaze product itself.

Additionally, Dow Corning contends that Weather Shield has misled the Court in asserting that it would be unfair to permit evidence of other manufacturers that used InstantGlaze because their names were not disclosed. Dow Corning did disclose the names of other manufacturers who use InstantGlaze on several occasions throughout discovery. ECF No. 47 Ex. F at 58-59, 119-20, 152, 181, 193 (deposition of Kenneth Rubis identifying three InstantGlaze customers); Ex. K at 8 (Dow Corning's response to Weather Shield' interrogatories identifying two InstantGlaze customers); Ex. L at 186-89, 216-18 (Cullen Case deposition identifying three InstantGlaze customers); Ex. M (Case History Promotional Material identifying an InstantGlaze customer); Ex. N (October 28, 2010, letter from Dow Corning's counsel providing Weather Shield a confidential list of the names of all its customers that used InstantGlaze and the aggregate amount of InstantGlaze purchased by these customers). Dow Corning contends that it has provided at least eight names of other customers but the information has been designated "confidential" under the Stipulated Protective Order. ECF No. 19. The Stipulated Protective Order does provide a procedure

for disclosure and use of "confidential" material in Court and for use with experts and consultants. ECF No. 19 at ¶¶ 7, 9, 10.

Dow Corning will offer evidence that it has other customers who more successfully used InstantGlaze in order to demonstrate that the product was "suitable for use . . . in the assembly of windows and doors." The evidence is relevant to the question of whether the product was defective and the proximate cause of Weather Shield's problems with the product. Such limited use of the evidence is not unduly prejudicial because Weather Shield has put the suitability of the product's use in window and door assembly directly at issue. Moreover, the evidence Dow Corning is seeking to admit is sufficiently narrow so that it will not confuse the issues or mislead the jury. Dow Corning's reference to other manufacturers and the aggregate sales data regarding their use of InstantGlaze will be limited to the manufacturers disclosed to Weather Shield during the course of discovery.

### IV.   Conclusion

Accordingly it is **ORDERED** that Dow Corning's motion in limine (ECF No. 32) is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Defendants' motion in limine (ECF No. 33) is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that a in-person status conference is **SCHEDULED** for **November 1, 2011 at 2:30 p.m.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: September 29, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 29, 2011.

        s/Tracy A. Jacobs
        TRACY A. JACOBS